UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80899-Civ-Hurley/Hopkins

ACCESS FOR THE DISABLED, INC.,
PATRICIA KENNEDY, and
SHEILA TRITT,[1]

        Plaintiffs,

v.

FFH, INC.,

        Defendant.

_____/

### REPORT AND RECOMMENDATION AS TO PLAINTIFFS' VERIFIED APPLICATION FOR ATTORNEY'S FEES AND PLAINTIFF'S SUPPLEMENTAL APPLICATION FOR ATTORNEY'S FEES  (DEs 55, 61)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiffs' Verified Application for Attorney's Fees to the undersigned for a Report and Recommendation.  (DEs 55, 56).  This Court has before it Plaintiffs' Verified Application, Defendant's Objection, Plaintiffs' Reply, and Plaintiffs' Supplemental Application for Attorney's Fees.  (DEs 55, 59, 60, 61).  The matter is now ripe for review.  For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Verified Application and Supplemental Application.  (DEs 55, 61).

### BACKGROUND

On September 25, 2006, Plaintiffs filed a complaint seeking injunctive relief for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq.  (DE 1).

Plaintiffs initially obtained a final default judgment against Defendant on June 13, 2007,

---

[1] Plaintiff filed a Suggestion of Death for Sheila Tritt.  (DE 43).

requiring Defendant to make the required modifications within three (3) months of the date of the Order. (DE 9, pg. 4). Subsequently, upon Plaintiffs' motion, the Court awarded Plaintiffs attorney's fees and costs for work that counsel performed between September 15, 2006, and June 21, 2007. (DEs 10, 17, 18). The Court entered a final judgment on the fee award on October 23, 2007. (DE 19).

On July 29, 2008, Plaintiffs filed a Motion for Order to Show Cause why Defendant should not be held in contempt and sanctioned for failing to comply with the Court's Final Judgment and Permanent Injunction entered on June 13, 2007. (DE 20). On September 12, 2008, Plaintiffs filed a further pleading in support of the motion, wherein they contended that because Defendant had failed to respond to the motion, Plaintiffs were entitled to have the motion granted by default. (DE 21, pgs. 1-2). The case docket and certificate of service contained in the Motion and Reply show that such pleadings were electronically served on counsel for Plaintiff, Genie H. Rothman, ("Rothman") via e-mail. (DEs 20, 21). However, the certificate of service contained within the Reply also show that counsel for Rothman was served with the Reply via United States mail. (DE 21, pg. 2).

With no response having been filed by Defendant, the District Court granted Plaintiffs' Motion on October 9, 2008, and ordered Defendant to show cause within fifteen (15) days why it had not complied with the judgment entered on June 13, 2007. (DE 22). The case docket shows that Rothman was served with the Order electronically via CM/ECF at her e-mail address of record. (DE 22). After Defendant again failed to respond, the District Court Ordered Defendant and Rothman to be served be United States mail. (DE 24).

On January 14, 2009, Arthur Chodos ("Chodos"), President of Defendant FFH, Inc., filed

a notice with the Court, explaining why all the modifications had not been completed.  (DE 26).

However, because the response was not filed by counsel, the District Court granted Plaintiffs'

Motion to Strike the notice.  (DEs 27, 28).

Subsequently, Plaintiffs filed another motion seeking to have Defendant held in contempt

for failing to make the required modifications.  (DEs 29, 32).  The matter was referred to the

undersigned, and after Defendant failed to respond within the allotted time, this Court Ordered

Rothman to show cause why she should not be held in contempt for failing to respond to either of

Plaintiffs' motions to hold Defendant in civil contempt.  (DEs 30, 31, 36).  Rothman finally

responded on September 1, 2009.  (DEs 44, 45).  Plaintiffs and Defendant eventually resolved

their dispute, and the District Court entered an Amended Final Judgment and Permanent

Injunction on October 7, 2009.  (DEs 49, 52).  The instant motion for attorney's fees followed on

November 12, 2009.  (DE 55).

## DISCUSSION

## Plaintiffs' Verified Application for Attorney's Fees (DE 55)

In their motion, Plaintiffs seek an attorney's fee award of eight thousand, six hundred

forty-five dollars ($8,645.00) for work performed betwen June 28, 2008, and November 7, 2009.

(DE 55, pg. 1 and exh. A).  Plaintiffs also seek an award of nine hundred forty-two dollars and

fifty cents ($942.50) for time spent litigating the fee petition.  (DE 61, exh. 1).

In response to the motion, Defendant argues, that (1) Plaintiffs' request for fees is

excessive because Plaintiffs failed to properly serve Defendant with any pleadings for

approximately one year, thereby unnecessarily prolonging the litigation; (2) had Defendant been

properly served with pleadings during such time period, excessive and unnecessary fees could

have been avoided; and, (3) Plaintiffs should not be compensated for any time expended prior to August 27, 2009, because Rothman was not properly served with any pleadings prior to such time.  (DE 59, pgs. 1-5).

In reply, Plaintiffs contend that counsel's claim that she was not aware of the proceedings until August 27, 2009, is not well taken because (1) Plaintiffs' counsel electronically filed and served several pleadings[2] through CM/ECF, and mailed such pleadings to the address of defense counsel; and, (2) the Court served Defendant with a copy of the Final Default Judgment on November 3, 2008.  (DE 24, 25).  Plaintiffs also note that only Rothman is at fault for failing to update her contact information with the Court, as required by CM/ECF Administrative order 2005-38.  (DE 60, pgs. 1-2).  Finally, Plaintiffs contend that because Defendant has lodged no other objection to the petition, it should be granted in full.  (DE 60, pg. 2).

**<u>No Hearing is Required</u>**

Although Defendant requests a hearing, (DE 59, pg. 5), this Court concludes that no hearing is required.  Because the court possesses sufficient expertise to determine the reasonableness of the hours claimed, and because Defendant has not shown how the record is not sufficiently clear to allow this Court to resolve the disputes of fact, this Court declines to hold a hearing in this matter.  *See Thompson v. Pharmacy Corp. of America*, 334 F.3d 1242, 1245 (11th Cir. 2003) (observing that courts are only required to hold evidentiary hearings where a hearing is requested, where there are disputes of fact, and where the written record is not sufficiently clear to allow the trial court to resolve disputes of fact; holding that the district court did not abuse its discretion in reducing the claimed number of hours without holding an evidentiary hearing)

---

[2]  Plaintiff points to DE 21, 23, 27, and 29.

4

(*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1298 (11th Cir. 1988)).  *See also American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428, 430 (11th Cir. 1999) (noting that attorney's fee awards are generally based on affidavits and billing records submitted to the court); *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354, 1356 (11th Cir. 2000) (*same*).

**Calculation of the Award**

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  This "lodestar" may then be adjusted for the results obtained.  *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).  The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman*, 836 F.2d at 1299).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (*citations omitted*).

168 F.3d at 427.

5

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301) (*emphasis in original*).

When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F.3d at 427 (stating that fee opponents are required to be specific and "reasonably precise" with respect to any objections they may have); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.") Failing to lodge specific objections is generally deemed fatal. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (affirming decision of district court as to the claimed number of hours worked because fee opponents failed to lodge specific objections); *Scelta v. Delicatessan Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) ("[a] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.") (*citing Gray*, 125 F.3d 1387).

**1.  Reasonably Hourly rate**

Defendant does not contest Plaintiffs' claimed hourly rate of three hundred twenty-five dollars.  (DE 55, pg. 2; DE 59, pg. 4).  However, because courts have the duty to avoid awarding excessive fees and expenses, this Court will briefly discuss counsel's qualifications to determine

6

the reasonableness of the claimed hourly rate. *See Barnes*, 168 F.3d at 428.

A review of the declaration of Todd W. Shulby ("Shulby"), lead counsel herein, shows that Shulby has been licensed to practice law in Florida since 1995, and that he has represented plaintiffs and defendants in hundreds of civil rights, discrimination, and Title III actions since 1996. (DE 55, exh. 2, pg. 1). Shulby has participated in twelve (14) federal trials, some of which were documented in published opinions. (DE 55, exh. 2, pgs. 1-2[3]). As lead counsel in this matter, Shulby directed the course of litigation and discovery, conducted legal research, communicated with the clients and expert witnesses, and drafted and revised pleadings and client communications. (DE 55, exh. 2, pg. 2). Shulby states that his current hourly rate of three hundred twenty-five dollars ($325.00) is within the range of the prevailing market rates for fee awards in similar cases. (DE 55, exh. 2, pg. 2).

Based on the qualifications and experience of counsel, and noting that Defendant does not contest the claimed hourly rate, this Court **RECOMMENDS** that the District Court find that the claimed hourly rate of three hundred twenty five dollars ($325.00) is reasonable. *See Gray*, 125 F.3d at 1389; *Scelta*, 203 F. Supp. 2d at 1333.[4]

## 2.  Reasonable Number of Hours

Plaintiffs' counsel billed a total number of 26.6 hours between June 28, 2008, and November 7, 2009. (DE 55, exh. 1). However, Defendant contends that Plaintiffs should not be compensated for any time spent on the case prior to August 27, 2009, because  Defendant was

---

[3] Counsel cites to *Brown v. Cochran*, 171 F.3d 1329 (11th Cir. 1999); and, *Dressler v. Jenne*, 87 F. Supp 2d 1308 (S.D. Fla. 2000), "among others." (DE 10, exh. 3, pgs. 1-2).

[4] The District Court previously adopted this Court's recommendation that counsel be compensated at such rate. (DE 17, pg. 5; DE 18).

not properly noticed of any activity in the case.  (DE 59, pg. 5).

This Court disagrees.  Counsel for Defendant filed her notice of appearance in this matter on July 18, 2007.  (DE 11).  After Final Judgment was initially entered on October 23, 2007, (DE 19), Rothman never moved to withdraw from representation, as required by the Local Rules.  *See* S.D. Fla. L.R. 11.1.D.3 (2009) ("No attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court after notice served on the attorney's client and opposing counsel.").  And, as noted by this Court in a previous Order dated August 28, 2009, (DE 39), counsel of record bears the responsibility of maintaining current contact information with the Court's CM/ECF system.  *See* CMECF Admin. Procedures, Sec. 3.D (2008).  As this Court's discussion of the procedural background at pages 1-3 shows, Plaintiffs' counsel and the Court went to great lengths to get Rothman to respond to several matters as the case progressed.  Plaintiffs' counsel should not be penalized by having his fees reduced as a result of Rothman's failure to maintain proper contact information with the Court.

Defendant has not specifically objected to any of counsel's other billing entries.  (DE 59, pgs. 1-5).  As a result, this Court **RECOMMENDS** that the District Court compensate Plaintiffs for all hours billed, which amount to a total of 26.6 hours.  (DE 55, exh. 1, pg. 4).  *See Gray*, 125 F.3d at 1389 (affirming decision of district court as to the claimed number of hours because fee opponents failed to lodge specific objections); *Scelta*, 203 F. Supp. 2d at 1333 (accepting all billing entries not properly objected to).

**Plaintiffs' Supplemental Application for Attorney's Fees (DE 61)**

In Plaintiffs' supplemental application, Plaintiffs seek to be compensated for the 3.3 hours spent litigating the fee petition.  (DE 61, pgs. 1-2).  Defendant lodges no objection to such

request.  (DE 59).

Time spent litigating fee petitions is compensable.  *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309-1310 (11th Cir. 2001) (A prevailing party is entitled to reasonable compensation for litigating a § 1988 award.") (*citing Jonas v. Stack*, 758 F.2d 567, 568 (11th Cir. 1985)); *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable.") (*citing Johnson v. University College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983)). Therefore, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Supplemental Application for Attorney's Fees.  (DE 61).

## CALCULATION OF TOTAL RECOMMENDED AWARD

This Court calculates the total recommended award as follows:

1.  Plaintiffs' Verified Application for Attorney's Fees (DE 55): 26.6 compensable hours multiplied by $325.00 per hour = $8,645.00

2.  Plaintiffs' Supplemental Application for Attorney's Fees (DE 61): 3.3 compensable hours multiplied by $325.00 per hour = $1,072.50

3.  Total Award of Attorney's Fees: $9,717.50

## RECOMMENDATION TO THE DISTRICT COURT

In light of the foregoing, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Verified Application for Attorney's Fees, and Plaintiffs' Supplemental Application for Attorney's Fees, and award Plaintiffs attorney's fees in a total amount of nine thousand, seven hundred seventeen dollars and fifty cents ($9,717.50).  (DEs 55, 61).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days  after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 7 day of April, 2009, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern District of Florida
Counsel of record